United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE REYNOSO,**<br><br>    Plaintiff,<br><br>    v.<br><br>**BAYSIDE MANAGEMENT COMPANY, LLC DBA EPMI, A BAYSIDE COMPANY,**<br><br>    Defendant. | Case No.: 13-CV-4091 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANT BAYSIDE MANAGEMENT CO, LLC TO COMPEL ARBITRATION** |

Plaintiff Jose Reynoso filed this action against Defendant Bayside Management Company LLC, dba EPMI, A Bayside Company in the Superior Court for the State of California, County of Alameda, on July 15, 2013.  Plaintiff alleges claims: (1) violation of Cal. Labor Code § 201 including a claim for employee stock ownership plan ("ESOP") benefits under the Employee Retirement Income Security Act of 1974 (ERISA); (2) violation of Cal. Labor Code § 203; (3) wrongful termination in violation of Cal. Labor Code § 6310(b); (4) violation of Cal. Labor Code 1198.5; (5) violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(a), discrimination on account of age and national origin; (6) violation of Cal. Labor Code § 6400(a); (7) slander; (8) negligent misrepresentation; (9) intentional and negligent infliction of emotional distress; and (10) wrongful termination in violation of public policy.

Defendant Bayside filed its Notice of Removal on September 4, 2013.  Bayside filed the instant Motion to Compel Arbitration, and to stay or dismiss the instant action pending arbitration, on the grounds that Reynoso's agreement to arbitrate claims arising from his employment with Bayside covers all claims that Plaintiff asserts and the agreement is enforceable under the standards set forth in *Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal.4th 83, 97-98 (2000).

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Compel Arbitration. In summary, the Court finds that the arbitration provision does control the parties' dispute and while the Court agrees that there is significant evidence of procedural unconscionability, having reviewed the agreement, the Court does not find evidence of substantive unconscionability. Thus the agreement to arbitrate must be enforced.[1]

## I. BACKGROUND

Plaintiff began working for Bayside's predecessor, A.F. Evans, Inc., on December 23, 1999. From the time of his initial hire date to the date of his termination Plaintiff signed a number of different agreements. (*See*, *e.g.,* Supplemental Declaration of Cecil M. Wright, Exh. A. [employment agreement between Reynoso and A.F. Evans dated December 23, 1999][2], Exh. B [employment agreement between Reynoso and A.F. Evans dated February 21, 2005]; Exh. C ["Apartment Agreement (100% Rent Credit)" between Reynoso and Evans Property Management Inc., dated February 27, 2005].) Relevant here are the agreements Reynoso signed March 7, 2011, and June 8, 2012, described below.

On March 7, 2011, a Bayside manager, Morgan Kline, approached several employees, including Reynoso, and told them to sign certain papers or else be fired. (Declaration of Jose Reynoso ¶ 2.) The documents included a new employment agreement between Reynoso and Bayside Management Company, LLC, as well as an attached, separate, three-page "Arbitration Agreement." (Reynoso Dec., Exh. B [2011 Employment Agreement] and C [Arbitration Agreement].) The March 2011 Employment Agreement and Arbitration Agreement were accompanied by a letter addressed to Reynoso, dated March 2, 2011, stating that "[o]n behalf of EPMI, a Bayside Communities Company, I am pleased to offer you the position of Area

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **December 3, 2013**.

[2] The Court notes that the header of the contract in Exhibit A, as well as paragraph 9 therein, indicate that the agreement is with Jose Reynoso, although the first paragraph states that the employee is "Terrance White."

Maintenance Supervisor." (Reynoso Dec., Exh. A.) The March 2011 Employment Agreement included a provision stating:

> 11.1 Entire Agreement
> This Agreement embodies the full and complete understanding and contains all of the covenants and agreements between the parties with respect to the employment of Employee by Employer, and supersedes any and all other agreements, either oral or in writing, , [*sic*] *except the Arbitration Agreement and Confidentiality and Trade Secret Agreement*….

(Reynoso Dec., Exh. A, emphasis added.)

The Arbitration Agreement is three pages long and recites that the parties are Bayside Management Company, LLC, a California corporation, doing business as EPMI (referred to in the agreement as "Company") and Jose Reynoso (referred to as "Employee"). The Arbitration Agreement states that it applies to all claims Reynoso or Bayside may have against each other arising out of Reynoso's employment:

> Except as provided below, Employee and the Company agree to submit the following disputes, claims or controversies to final and binding arbitration, in accordance with the provisions of the California Arbitration Act, California Code of Civil Procedure 1280 *et seq.*: Any and all claims arising out of Employee's employment or cessation of employment which could have been brought before an appropriate government agency or in an appropriate court of law, including but not limited to: (1) breach of this Agreement or any other employment agreement or contract, express or implied; (2) breach of any other term or condition of employment, whether express or implied; (3) breach of any covenant of good faith and fair dealing; (4) employment discrimination or harassment in violation of the California Fair Employment and Housing Act or Title VII of the Civil Rights Act of 1964; (5) age discrimination or harassment in violation of the Age Discrimination in Employment Act or the California Fair Employment and Housing Act; (6) claims under Sections 1981 through 1988 of Title 42 of the United States Code, as amended, and the Uniform Trade Secrets Act; (7) any other claim arising under the common law of the State of California or of the United States related to Employee's employment or termination from employment; and (8) violation of any other federal, state or local statute, ordinance or regulation related to Employee's employment with the Company or the termination of that employment.

(Reynoso Dec., Exh. C at 1.)[3]

---

[3] The Court notes that each of the prior employment agreements contained an arbitration provision at paragraph 6 of the agreement.

3

1  Reynoso avers that when he was presented the papers by Kline on March 7, 2011, he
2  expressed his confusion regarding the terms of the agreements he was presented, since English is
3  not his first language, and requested that he be able to take it home to discuss with his wife.
4  Reynoso says Kline responded that his supervisor, Casandra Sawyer, informed him anyone who did
5  not sign the documents would be fired.  Reynoso then signed both the agreements.
6  On June 8, 2012, Plaintiff and Defendant entered into another agreement entitled
7  "Employment Agreement for Employee Required to Lives [*sic*] On-Site as a Condition of
8  Employment (100% Rent Credit)."  (Reynoso Dec., Exh. D.)  The terms of the agreement cover the
9  occupancy of an apartment as a condition of Reynoso's employment, as well as stating his
10 compensation, duties, hours and days of work, meal and rest periods, overtime, time records, and an
11 "Employee Code of Conduct."  The final paragraph of the agreement states:

> 21. At-Will Employment Relationship.  Employee understands that there is no agreement with the Employer for a definite period of employment and that Employer and Employee have the right to terminate the Employee's employment at any time, unilaterally, with or without cause.  Employee understands and acknowledges that this constitutes the entire agreement regarding the term of his employment and that this agreement may not be altered, amended [*sic*] modified or otherwise changed except in writing with the signed approval of the Employer.

(Reynoso Dec., Exh. D, emphasis added.)  The June 2012 Agreement did not include an arbitration provision, nor did it include an exception in paragraph 21 for a separate Arbitration Agreement, or incorporate the terms of any other agreement.

Bayside employed Plaintiff until his separation on January 22, 2013.  (Declaration of Cecil Wright ("Wright Dec."), ¶ 2.)

**II.   STANDARDS APPLICABLE TO THIS MOTION**

The Federal Arbitration Act ("FAA") requires a district court to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement.  9 U.S.C. § 3.  In ruling on the motion, the Court's role is limited to determining whether: (1) an agreement between the parties to arbitrate exists; (2) the claims at issue fall within the scope of the agreement; and (3) the agreement is valid and enforceable.  *Lifescan, Inc. v. Pernaier Diabetic*

4

*Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004); *see also Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008).

Section 2 of the FAA provides that arbitration clauses may be invalidated based "upon the same grounds as exist in law or in equity for the revocation of any contract," such as fraud, duress or unconscionability. 9 U.S.C. § 2, *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 130 S.Ct. 2772, 2776 (2010). However, the FAA preempts any state-law defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue. *AT&T Mobility LLC v. Concepcion*, 563 U.S. __, 131 S.Ct. 1740, 1745-47 (2011). Because of the strong policy favoring arbitration, doubts are to be resolved in favor of the party moving to compel arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

**III.  DISCUSSION**

  **A.  EXISTENCE OF AN AGREEMENT TO ARBITRATE**

Reynoso argues that the Arbitration Agreement here, contained in his third employment agreement, was superceded by the later June 2012 Agreement. The integration clause therein states, in pertinent part, "Employee understands and acknowledges that this constitutes *the entire agreement regarding the term of his employment* and that this agreement may not be altered, amended, modified or otherwise changed except in writing with the signed approval of the Employer." (Reynoso Dec., Exh. D, ¶ 21, at 5, emphasis supplied.)

Whether the June 2012 Agreement supersedes the Arbitration Agreement is governed by Code of Civil Procedure section 1856(a) and (b). Section 1856(a) provides, "[t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Section 1856(b) provides, "[t]he terms set forth in a writing described in subdivision (a) may be explained or supplemented by evidence of consistent additional terms unless the writing is intended also as a *complete and exclusive* statement of the terms of the agreement." (Emphasis added). Such a "final" and "exclusive" agreement is also known as an "integrated" agreement. *Masterson v. Sine,* 68 Cal.2d 222, 225 (1968). The court must determine, generally from the terms of the writing alone, whether the parties intended their contract to be a

"final and complete expression of their agreement." *Grey v. American Management Services*, 204 Cal. App. 4th 803, 806-07 (2012) (citing *Masterson,* 68 Cal.2d at 225.)

The existence of an integration clause in a contract is strong evidence that the parties so intended. "This type of clause has been held conclusive on the issue of integration, so that parol evidence to show that the parties did not intend the writing to constitute the sole agreement will be excluded." *Grey*, 204 Cal. App. 4th at 807 (quoting 2 Witkin, CAL. EVIDENCE (4th ed. 2000) Documentary Evidence, § 70, p. 190, italics omitted.) When an integration clause begins with language such as "'[t]his Agreement is the entire agreement between the parties in connection with Employee's employment," it supersedes other prior agreements related to the employment. *Id.* at 807-808.

Plaintiff argues that paragraph 21 of the June 2012 Agreement is an integration clause establishing that that it supersedes the Arbitration Agreement. The Court does not agree. Section 1856(a) provides, "[t]erms set forth in a writing intended by the parties as a final expression of their agreement *with respect to such terms as are included therein* may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Paragraph 21 of the June 2012 Agreement is limited to the "at-will employment relationship" and an expression that the provision "constitutes the entire agreement regarding *the term* of [Reynoso's] employment."[4] It is not a "final and complete expression" of the parties' employment agreement generally, or with respect to arbitration particularly. The June 2012 Agreement does not purport to cover all the terms of the employment, and does not purport to supersede all prior agreements on all terms of employment, such as the Arbitration Agreement. It does not cover key terms stated in the March 2011 Employment Agreement, such as the rate of compensation. Instead, the focus of the June 2012 Agreement, as its heading suggests, is on providing an apartment for an employee required to live on site. In short, the June 2012 Agreement is limited in scope and apparently a modification or amendment to the March 2011 Employment Agreement. Thus, it does not render the Arbitration Agreement unenforceable. *Cf. Cione v. Foresters Equity Services, Inc.,* 58 Cal.App.4th 625, 637-

---

[4] The Court construes the words "the term" in this context to take its usual and common meaning, i.e. the period of time the employment lasts.

40 (1997) ("since the written employment agreement was reasonably susceptible to the meaning that it did not supersede the [arbitration agreement], any doubts must be resolved in favor of arbitration."

### B. ARBITRATION AGREEMENT VALID AND ENFORCEABLE

Under California law, an arbitration agreement will be deemed unenforceable if a court finds that it is unconscionable. *Mercuro v. Sup. Ct.*, 96 Cal. App. 4th 167, 174 (2002). Unconscionability has both a procedural and substantive element. *Armendariz v. Found. Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000). The procedural element is concerned with oppression or surprise arising from unequal bargaining power, while the substantive element is focused on whether the terms of the agreement are overly harsh or lacking in mutuality. *Id.* In order to demonstrate that the arbitration provision should not be enforced due to unconscionability, there must be some showing of *both* substantive and procedural unconscionability. "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 114 (2000). They need not be present in the same degree, and a strong showing on one can overcome a relatively weak showing on the other. *Armendariz*, 24 Cal. 4th at 114; *see also West v. Henderson*, 227 Cal. App. 3d 1578, 1587 (1991) (minimal showing of procedural unconscionability justified looking to substantive factors). "[E]ven if the evidence of procedural unconscionability is slight, strong evidence of substantive unconscionability will tip the scale and render the arbitration provision unconscionable." *Nagrampa v. MailCoups, Inc.,* 469 F.3d 1257, 1281 (9th Cir. 2006). However, the complete absence of one element precludes a finding that the agreement should not be enforced for unconscionability. *Armendariz,* 24 Cal.4th at 114.

### 1. *Procedural Unconscionability*

"Procedural unconscionability turns on adhesiveness – a set of circumstances in which the weaker or 'adhering' party is presented a contract drafted by the stronger party on a take it or leave it basis." *Mercuro*, 96 Cal. App. 4th at 174 (quoting *Armendariz,* 24 Cal. 4th at 113). In other words, "procedural unconscionability focuses on the oppressiveness of the stronger party's

7

conduct." *Id.* at 174. In *Mercuro*, where an employee told by management that he "did not have the option of not signing the agreement" and that he would be "cut off" and made to "pay big time" if he did not sign, the court found the circumstances oppressive and procedurally unconscionable. *Id.* at 172-173. Consequently, the court held that Mercuro only needed to "make a minimal showing of the agreement's substantive unconscionability." *Id.* at 174-175.

Here, Reynoso argues that the tactics used to procure the arbitration agreement were similar to *Mercuro*. The Court agrees. Reynoso was told to sign the agreement or lose his job with the company for which he had worked over 10 years. English is not Reynoso's first language, and he expressed at the time the document was presented to him that he was confused by what it said. He asked to take the agreement home to discuss with his wife, whose first language is English. He was told that the management said if he did not sign it that day, he would be fired. Moreover, because Reynoso works as an on-site property maintenance person, losing his job would also have meant loss of his family's residence. (Reynoso Dec. ¶¶ 4-6.) These facts plainly demonstrate procedural unconscionability.

2. *Substantive Unconscionability*

The substantive element of unconscionability focuses on whether an arbitration agreement is "overly harsh" or "one-sided." *Armendariz*, 24 Cal. 4th 83 at 114. The Court in *Armendariz*, stated that substantive unconscionability will be found where there is no "modicum of bilaterality." *Id.* at 117-118.

Reynoso argues that, because there was no equal bargaining power here, public policy compels that a contract procured by economic duress not be enforced. However, that is a *procedural* unconscionability argument. Reynoso does not point to any provision of the Arbitration Agreement itself to sustain a finding that it is overly harsh or one-sided in its terms. The Court's independent review of the Arbitration Agreement does not reveal any terms that would support such a finding either. The Arbitration Agreement provides for binding arbitration as the exclusive resolution process for all claims arising from the employment, whether brought by Reynoso or by Bayside. Arbitration is to be administered by a single, neutral and impartial arbitrator under the auspices of the American Arbitration Association. The statute of limitations, discovery, relief,

venue, arbitration costs, and attorneys' fees provisions all appear reasonable and fair to Reynoso, the party with the lesser bargaining power.

When considering unconscionability under California law, an arbitration agreement is only unenforceable "if it is both procedurally and substantively unconscionable." *Davis v. O'Melveny & Myers,* 485 F.3d 1066, 1072 (9th Cir. 2007). "Courts apply a sliding scale: the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* "Still, *both [must] be present* in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Id.* (emphasis added) (alteration in original). Because Reynoso does not, and cannot, show both substantive and procedural unconscionability, the Arbitration Agreement is enforceable.

### C. WAIVER OF RIGHT TO ARBITRATE

Finally, Reynoso argues that Defendant has waived its right to invoke arbitration through its prior inconsistent acts. "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. *Hoffman Constr. Co. v. Active Erectors & Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992). The waiver analysis reflects the policy that the purpose of arbitration "is not served by a dilatory motion to compel arbitration which, . . . appears to be an attempt . . . to force a settlement on more favorable terms." *Lounge-A-Round v. GCM Mills, Inc.*, 109 Cal. App. 3d 190 (1980). Waiver is proper where the "litigation machinery" has "been substantially invoked" before a party has moved to compel arbitration. *Id.* at 201. Further, California courts have long factored into the waiver analysis whether the compelling party has "acted in bad faith" in moving to compel arbitration. *Christensen v. Dewor Developments*, 33 Cal. 3d 778, 782 (1983). A party that has participated in litigation and engaged in "procedural gamesmanship" on the way to moving to compel arbitration may be found to have acted in bad faith and thus, waived its right to compel arbitration. *Id.* at 784 (bad faith found where party admitted filing suit to discover defendant's affirmative defenses in advance of arbitration).

9

Reynoso argues that Bayside removed this case to federal court and requested "discovery of over 1000 documents in preparation for litigation" before moving to compel. (Oppo. at 12:18-19.) Reynoso argues that this "procedural gamesmanship" by Bayside constitutes a waiver of its right to compel arbitration. Reynoso's arguments are not supported by the facts or the law.

First, Reynoso does not submit any evidence that any discovery requests have been propounded in this litigation. To the contrary, on reply, counsel for Bayside submits a declaration attesting that Bayside has *not* requested any documents or served any discovery in this case. Second, simply removing the case to the federal court does not constitute bad faith or gamesmanship. *Cf. St. Agnes Medical Center v. PacifiCare of California,* 31 Cal. 4th 1187, 1205 (2003) (a party does not waive the right to compel arbitration by first petitioning to transfer venue). Consequently, Reynoso has not established a basis for finding that Bayside waived arbitration.

**IV.   CONCLUSION**

Based upon the foregoing, the Motion to Compel Arbitration is **GRANTED**. This action is **STAYED** pending further order of the Court.

The Court sets this matter for a status conference regarding the progress of the arbitration for **June 6, 2014, at 9:01 a.m.** Five days prior to the conference, the parties shall file a joint status statement indicating whether arbitration has been completed and whether this case may be dismissed.

This terminates Docket No. 14.

**IT IS SO ORDERED**.

Date: November 25, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**